FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 27, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RALPH S.,[1] | No. 2:21-cv-00065-MKD |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | **ECF Nos. 16, 17** |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 16, 17. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court Choose an

_____

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

1  item. Plaintiff's motion, ECF No. 16, and Choose an item. Defendant's motion, ECF

2  No. 17.

3                                  **JURISDICTION**

4       The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

5  1383(c)(3).

6                             **STANDARD OF REVIEW**

7       A district court's review of a final decision of the Commissioner of Social

8  Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

9  limited; the Commissioner's decision will be disturbed "only if it is not supported

10 by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

11 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

12 reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

13 (quotation and citation omitted).  Stated differently, substantial evidence equates to

14 "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

15 citation omitted).  In determining whether the standard has been satisfied, a

16 reviewing court must consider the entire record as a whole rather than searching

17 for supporting evidence in isolation. *Id.*

18      In reviewing a denial of benefits, a district court may not substitute its

19 judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

20 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

ORDER - 2

1  rational interpretation, [the court] must uphold the ALJ's findings if they are

2  supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

3  F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§

4  404.1502(a), 416.902(a).  Further, a district court "may not reverse an ALJ's

5  decision on account of an error that is harmless." *Id*.  An error is harmless "where

6  it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at

7  1115 (quotation and citation omitted).  The party appealing the ALJ's decision

8  generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*,

9  556 U.S. 396, 409-10 (2009).

10  **FIVE-STEP EVALUATION PROCESS**

11  A claimant must satisfy two conditions to be considered "disabled" within

12  the meaning of the Social Security Act.  First, the claimant must be "unable to

13  engage in any substantial gainful activity by reason of any medically determinable

14  physical or mental impairment which can be expected to result in death or which

15  has lasted or can be expected to last for a continuous period of not less than twelve

16  months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

17  impairment must be "of such severity that he is not only unable to do his previous

18  work[,] but cannot, considering his age, education, and work experience, engage in

19  any other kind of substantial gainful work which exists in the national economy."

20  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

ORDER - 3

1    The Commissioner has established a five-step sequential analysis to

2    determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

3    404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner

4    considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

5    416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

6    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

7    404.1520(b), 416.920(b).

8    If the claimant is not engaged in substantial gainful activity, the analysis

9    proceeds to step two.  At this step, the Commissioner considers the severity of the

10    claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the

11    claimant suffers from "any impairment or combination of impairments which

12    significantly limits [his or her] physical or mental ability to do basic work

13    activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c),

14    416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

15    however, the Commissioner must find that the claimant is not disabled.  *Id.*

16    At step three, the Commissioner compares the claimant's impairment to

17    severe impairments recognized by the Commissioner to be so severe as to preclude

18    a person from engaging in substantial gainful activity.  20 C.F.R. §§

19    404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more

20

ORDER - 4

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

ORDER - 5

1  education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

2  416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

3  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

4  404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

5  work, the analysis concludes with a finding that the claimant is disabled and is

6  therefore entitled to benefits.  *Id.*

7  　　　The claimant bears the burden of proof at steps one through four above.

8  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

9  step five, the burden shifts to the Commissioner to establish that 1) the claimant is

10  capable of performing other work; and 2) such work "exists in significant numbers

11  in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

12  *Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

13  **ALJ'S FINDINGS**

14  　　　On July 23, 2018, Plaintiff applied both for Title II disability insurance

15  benefits and Title XVI supplemental security income benefits alleging an amended

16  disability onset date of September 14, 2018.[2]  Tr. 15, 18, 139, 163, 289-95.  The

17  _____

18  [2] The ALJ's decision states the alleged onset date was amended to September 14,

19  2018.  Tr. 15.  At the hearing, Plaintiff amended the alleged onset date to

20  Plaintiff's fifty-fifth birthday, which counsel stated was December 15, 2018.  Tr.

ORDER - 6

1  applications were denied initially and on reconsideration.  Tr. 210-14, 219-30.

2  Plaintiff appeared before an administrative law judge (ALJ) on August 10, 2020.

3  Tr. 41-69.  On October 22, 2020, the ALJ denied Plaintiff's claim.  Tr. 12-39.

4        At step one of the sequential evaluation process, the ALJ found Plaintiff,

5  who met the insured status requirements through June 30, 2019, has not engaged in

6  substantial gainful activity since September 14, 2018.  Tr. 18.  At step two, the

7  ALJ found that Plaintiff has the following severe impairments: sprains and strains

8  of all types; a disorder of the spine; low vision of the right eye; bilateral hearing

9  deficit; depressive, bipolar, and related disorders; and a neurocognitive disorder

10  (learning and memory) status post traumatic brain injury.  *Id.*

11        At step three, the ALJ found Plaintiff does not have an impairment or

12  combination of impairments that meets or medically equals the severity of a listed

13  impairment.  *Id.*  The ALJ then concluded that Plaintiff has the RFC to perform

14  medium work with the following limitations:

15        [L]ifting must be limited to fifty pounds occasionally and twenty-five
      pounds frequently.  In addition, standing or walking and sitting must
16        be limited to six hours during the eight hour workday.  The climbing
      of ramps and stairs must be limited to occasionally, while the

17  _____

18  48.  His fifty-fifth birthday was September 15, 2018.  Tr. 291; ECF No. 16 at 2.

19  However, under Social Security regulations, Plaintiff attained age fifty-five the day

20  before, on September 14, 2018.  *See* 20 C.F.R. §§ 404.102, 416.120.

ORDER - 7

climbing of ladders, ropes, and scaffolds must be entirely precluded from work duties as assigned. Use of all domains of vision, including near and far acuity, depth perception, accommodation, color vision, and filed of vision must be limited to less than occasional. Within the assigned workplace, there must be less than occasional concentrated exposure to vibration and hazards, such as machinery and heights. Assigned work tasks must be limited to simple, routine tasks with a SVP of 1 or 2. The assigned tasks must be learned in 30 days or less or by a brief demonstration and must have minimal change in the task as assigned. The assigned work should require no more than occasional superficial interactions with coworkers and supervisors and must be performed in a non-collaborative environment with no tandem work. The assigned tasks must require no interaction with the public. The noise level in the assigned work area must be limited to moderate, such as that level of noise found in a normal office setting.

Tr. 20.

At step four, the ALJ found Plaintiff is unable to perform any of her past relevant work. Tr. 31. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as laundry worker and budder. Tr. 33. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of September 14, 2018, through the date of the decision. *Id.*

On December 18, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

ORDER - 8

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ conducted a proper step five evaluation;[3]

2. Whether the ALJ properly evaluated Plaintiff's symptom claims; and

3. Whether the ALJ properly formulated the RFC.

ECF No. 16 at 1; ECF No. 20 at 1.

**DISCUSSION**

**A. Step Five**

Plaintiff contends the ALJ's step five findings were not supported by substantial evidence. ECF No. 20 at 1-2. Defendant contends the Court should decline to consider the issue because it was not raised in Plaintiff's opening brief. ECF No. 19 at 2. The Court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief. *See*

---

[3] Plaintiff did not raise this issue in his Motion for Summary Judgment; the Court ordered supplemental briefing, ECF No. 18, and Plaintiff raised the issue for the first time in the supplemental briefing, ECF No. 20.

ORDER - 9

1  *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir.

2  2008).  The Ninth Circuit "has repeatedly admonished that [it] cannot

3  'manufacture arguments for an appellant.'"  *Independent Towers v. Washington,*

4  350 F.3d 925, 929 (9th Cir.2003) (quoting *Greenwood v. Fed. Aviation Admin.,* 28

5  F.3d 971, 977 (9th Cir.1994)).  Rather, the Court will "review only issues which

6  are argued specifically and distinctly."  *Independent Towers*, 350 F.3d at 929.

7  When a claim of error is not argued and explained, the argument is waived.  *See id.*

8  at 929-30 (holding that party's argument was waived because the party made only

9  a "bold assertion" of error, with "little if any analysis to assist the court in

10  evaluating its legal challenge"); *see also Hibbs v. Dep't of Human Res.,* 273 F.3d

11  844, 873 n.34 (9th Cir.2001) (finding an allegation of error was "too undeveloped

12  to be capable of assessment").

13  Based on the foregoing, the Court would be reasonably justified in finding

14  Plaintiff's arguments in the opening brief waived and affirming the ALJ's decision.

15  However, the Court is mindful of the potential harsh outcome, which could leave a

16  meritorious claimant without Social Security benefits to which he may be entitled

17  when the fault lies solely with counsel.  With this in mind, the Court has reviewed

18  the record, the ALJ's findings, and the supplemental briefing.

19  The ALJ limited Plaintiff to use of his "near and far acuity, depth perception,

20  accommodation, color vision, and field of vision" on only a "less than occasional

basis." Tr. 20.  The ALJ found Plaintiff is capable of performing work as a

laundry worker I, DOT 361.684-014, and Budder, DOT 405.684-010.  Tr. 33.  The

vocational expert also testified Plaintiff would be able to perform the work of a

wall cleaner, Tr. 66, however the ALJ did not include the position in the decision,

Tr. 20.  Plaintiff contends the ALJ erred, because the laundry worker I position

requires occasional use of color vision, while budder requires constant depth

perception and near acuity.  ECF No. 20 at 2.  Yet, the vocational expert testified

that the identified jobs were "consistent with the DOT and SCO occupational

descriptions and characteristics."  Tr. 67.

The regulations allow for administrative notice to be taken of reliable

information from governmental and other publications, such as the Dictionary of

Occupational Titles (DOT).  *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir.

2017); 20 C.F.R. §§ 404.1566, 416.966.  The Selected Characteristics of

Occupations is the companion publication to the DOT.  U.S. Dep't of

Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary

of Occupational Titles Appx. C (1993) (SCO).  Adjudicators must "identify and

obtain a reasonable explanation for any conflicts between occupational evidence

provided by VEs or VSs and information in the [DOT], including its companion

publication, [SCO], and explain in the determination or decision how any conflict

that has been identified was resolved."  SSR 00-4P.

ORDER - 11

1   Both identified jobs conflict with the ALJ's RFC, as the laundry worker I

2   role requires occasional use of color vision, and the budder position requires

3   constant near acuity and depth perception.  The ALJ did not identify the conflict

4   between the vocational expert's testimony and the SCO and did not obtain

5   testimony that addressed the conflict.  As such, the ALJ erred in relying on the

6   vocational expert testimony without resolving the conflicts in the testimony.  On

7   remand, the ALJ is instructed to perform a new step four and step five analysis.

8   **B. Plaintiff's Symptom Claims**

9   Plaintiff faults the ALJ for failing to rely on reasons that were clear and

10  convincing in discrediting his symptom claims.  ECF No. 16 at 4-7.  An ALJ

11  engages in a two-step analysis to determine whether to discount a claimant's

12  testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL 1119029, at *2.

13  "First, the ALJ must determine whether there is objective medical evidence of an

14  underlying impairment which could reasonably be expected to produce the pain or

15  other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted).

16  "The claimant is not required to show that [the claimant's] impairment could

17  reasonably be expected to cause the severity of the symptom [the claimant] has

18  alleged; [the claimant] need only show that it could reasonably have caused some

19  degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

20

ORDER - 12

1    Second, "[i]f the claimant meets the first test and there is no evidence of

2    malingering, the ALJ can only reject the claimant's testimony about the severity of

3    the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

4    rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

5    omitted). General findings are insufficient; rather, the ALJ must identify what

6    symptom claims are being discounted and what evidence undermines these claims.

7    *Id*. (quoting *Lester*, 81 F.3d at 834; *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th

8    Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's

9    symptom claims)). "The clear and convincing [evidence] standard is the most

10   demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995,

11   1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920,

12   924 (9th Cir. 2002)).

13       Factors to be considered in evaluating the intensity, persistence, and limiting

14   effects of a claimant's symptoms include: 1) daily activities; 2) the location,

15   duration, frequency, and intensity of pain or other symptoms; 3) factors that

16   precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

17   side effects of any medication an individual takes or has taken to alleviate pain or

18   other symptoms; 5) treatment, other than medication, an individual receives or has

19   received for relief of pain or other symptoms; 6) any measures other than treatment

20   an individual uses or has used to relieve pain or other symptoms; and 7) any other

ORDER - 13

factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§ 404.1529(c), 416.929(c).  The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence.  Tr. 25-26.

The ALJ found Plaintiff's symptom claims were inconsistent with the objective medical evidence, Plaintiff's activities of daily living, Plaintiff's intermittent and conservative treatment, and Plaintiff's presentation at the hearing.  Tr. 21-31.  The ALJ also found Plaintiff made numerous inconsistent statements about the frequency and nature of his seizures as well as his cognitive symptoms.  Tr. 27, 31.  Plaintiff challenges only two of the reasons offered by the ALJ and failed to challenge the three other reasons offered to reject Plaintiff's symptom claims.  ECF No. 16 at 5.

Defendant contends Plaintiff has waived an argument that the ALJ improperly rejected Plaintiff's symptom claims by failing to address most of the reasons the ALJ set forth to reject Plaintiff's claims.  ECF No. 17 at 4-5.  Plaintiff

ORDER - 14

did not file a response to Defendant's motion. The Court agrees with Defendant. However, as the case is being remanded for the ALJ to reconsider the step four and step five analysis, the ALJ is also instructed to reconsider Plaintiff's symptom claims. For the purposes of the remand, the Court notes that while the ALJ found Plaintiff's ability to communicate and participate in the hearing in a meaningful fashion was inconsistent with Plaintiff's reported hearing limitations, Tr. 27, Plaintiff appeared by phone which does not demonstrate Plaintiff's ability to communicate and participate in person.

**C. RFC**

Plaintiff contends the ALJ's improper rejection of his symptom claims resulted in a flawed RFC. ECF No. 16 at 7-9. As the case is being remanded for the ALJ to reconsider Plaintiff's symptom claims, the ALJ is also instructed to reconsider Plaintiff's RFC.

**D. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 16 at 7.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must

ORDER - 15

1 remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041,

2 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the

3 proper course, except in rare circumstances, is to remand to the agency for

4 additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*,

5 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security

6 cases, the Ninth Circuit has "stated or implied that it would be an abuse of

7 discretion for a district court not to remand for an award of benefits" when three

8 conditions are met. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)

9 (citations omitted). Under the credit-as-true rule, where (1) the record has been

10 fully developed and further administrative proceedings would serve no useful

11 purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting

12 evidence, whether claimant testimony or medical opinion; and (3) if the improperly

13 discredited evidence were credited as true, the ALJ would be required to find the

14 claimant disabled on remand, the Court will remand for an award of benefits.

15 *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three

16 prongs have been satisfied, the Court will not remand for immediate payment of

17 benefits if "the record as a whole creates serious doubt that a claimant is, in fact,

18 disabled." *Garrison*, 759 F.3d at 1021.

19       Further proceedings are necessary. First, there are conflicts in the record

20 requiring resolution by the ALJ, including conflicts between Plaintiff's symptom

reports and the medical opinions, and Plaintiff's inconsistencies in his reported symptoms.  Second, further development is needed as additional vocational expert testimony is necessary to resolve the conflicts between the RFC and the jobs presented at step five.  Clarification of the amended onset date is also necessary. Tr. 15, 48.  As such, the case is remanded for further proceedings consistent with this Order.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is Choose an item. by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

ORDER - 17

1    The District Court Executive is directed to file this Order, provide copies to

2 counsel, and **CLOSE THE FILE.**

3    DATED February 27, 2023.

4                    _s/Mary K. Dimke_
                   MARY K. DIMKE
5              UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER - 18